JAMES W. HENDERSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Henderson v. Commissioner
Docket No. 28797-82.
United States Tax Court
T.C. Memo 1984-520; 1984 Tax Ct. Memo LEXIS 151; 48 T.C.M. (CCH) 1258; T.C.M. (RIA) 84520; October 1, 1984. James W. Henderson, pro se. Dennis L. Perez and Florence M. Jones, for the respondent. COHEN MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined a deficiency of $4,456.82 in petitioner's Federal income taxes for 1980, and additions to tax of $1,114.20 under section 6651(a), [1] $222.84 under section 6653(a), and $285.23 under section 6654(a). By an amendment to answer, respondent seeks an increased deficiency of $6,868.11 and increased additions to tax under sections 6651(a), 6653(a), and 6654(a), of $1,330.28, $343.31, and $315.80, respectively, Petitioner was a resident of Ontario, California, at the time he filed his petition. In the petition, petitioner claimed that his wages were not income and that he was not required to file a Federal income tax return. Petitioner thereafter filed a motion for summary judgment, which had *153 no merit and was denied. He persisted in the same arguments and offered no evidence at trial, and the issues set forth in the original statutory notice, therefore, may be determined against him. See Rules 142(a) and 149(b). Respondent, however, has the burden of proof as to the increased deficiency and increased additions to tax sought by the amendment to the answer. Rule 142(a). Respondent's evidence consists of a Certification of Extract from Records by the Director of the Division of Certification and Coverage, Office of Central Records Operations, Department of Health and Human Services, Social Security Administration, and copies of Forms W-2 for the year 1980 provided by petitioner's employers. Respondent sent, and petitioner received, prior to trial a notice of intention to introduce into evidence at trial the copies of the Forms W-2. See Rule 803(24), Federal Rules of Evidence.
On the basis of the evidence thus introduced by respondent, the Court finds that during the taxable year 1980, petitioner earned a total of $28,349, as set forth in the amendment to answer. (The lesser total reflected in the certificate from the *154 Social Security Administration includes only those amounts subject to the Federal Insurance Contributions Act. See sections 3101, 3111, and 3121(a).) Petitioner's arguments that those earnings are not taxable to him and that he was not required to file a tax return require no further discussion. See Rowlee v. Commissioner,80 T.C. 1111 (1983); Fox v. Commissioner,T.C. Memo. 1984-519. They are so frivolous as to compel the inference that this proceeding was filed merely for delay, and damages shall be awarded to the United States in the amount of $500. See Abrams v. Commissioner,82 T.C. 403 (1984); Blaty v. Commissioner,T.C. Memo. 1984-518. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year here in issue. All references to Rules are to the Tax Court Rules of Practice and Procedure.↩